# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| SHENZHEN EN DE CHUANG TECHNOLOGY CO., LTD., SHENZHEN ZHOU LI CHUANG TECHNOLOGY CO., LTD., SHENZHEN ANNARO TECHNOLOGY CO., LTD., and SHENZHEN PINGZHISHENG E-COMMERCE CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> LEWIS MACHINING & ENGINEERING, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No.: |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs Shenzhen En de chuang Technology Co., Ltd. d/b/a EDCREATY, Shenzhen Zhou li chuang Technology Co., Ltd. d/b/a Downoop, Shenzhen Annaro Technology Co., Ltd. d/b/a AUKCLAX, and Shenzhen Pingzhisheng E-commerce Co., Ltd. d/b/a KLBWWA (collectively, "Plaintiffs"), by and through their undersigned counsel, bring this action against Defendant Lewis Machining & Engineering, Inc. d/b/a Lewis Products ("Defendant") for declaratory judgment that the disputed claims of U.S. Patent No. 12,390,016 (the "'016 Patent"), purportedly owned by or licensed to the Defendant, are invalid and/or not infringed by the

1

manufacture, use, sale, offer for sale, or importation of Plaintiffs' products, and in support thereof allege the following:

## NATURE OF THE ACTION

1.  This action arises under the patent laws of the United States, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Plaintiffs bring this action in response to the assertions made in Defendant's internal complaints filed with Amazon alleging that the Amazon storefronts "EDCREATY" (Seller ID: A2XKYJ9I5B0TW6), "Downoop" (Seller ID: A1BX34Y3X32HJO), "AUKCLAX" (Seller ID: A24XNLPSUEPYCG), and "KLBWWA" (Seller ID: A1ZVADTJZT897V) operated by Plaintiffs infringe United States Patent No. 12,390,016 (the "'016 Patent") by making, using, selling, offering for sale, and/or importing certain bed sheet retention products (identified by, including but not limited to, ASIN Nos. B0F9FL9WMY, B0F9FLVPXD, B0F12P3MLN, B0F12RMHLX, B0F1D63VQS, B0F12QC8QZ, B0F48LSPP8, B0F9WJKKNP, B0F1C4ZDK9, and B0F8C5WLVM) (collectively, the "Accused Products"). Following Defendant's complaints, Amazon delisted the listings associated with the Accused Products. *See* Exhibit A (Amazon's takedown notices). Defendant's Amazon complaints are harming Plaintiffs' ability to sell the Accused Products and are further injuring Plaintiffs' and their products' reputations in the marketplace. Accordingly, Defendant's assertion of the '016 Patent against the Accused Products

gives rise to a substantial and justiciable controversy between the parties that Plaintiffs seek to resolve through this action.

2. Additionally, as a result of Defendant's series of unsubstantiated complaints submitted to the Amazon platform, Plaintiffs are under reasonable apprehension of suit by Defendant.

## THE PARTIES

3. Plaintiff Shenzhen En de chuang Technology Co., Ltd. is a company organized and existing under the laws of the People's Republic of China with its principal place of business located outside this country.

4. Plaintiff Shenzhen Zhou li chuang Technology Co., Ltd. is a company organized and existing under the laws of the People's Republic of China with its principal place of business located outside this country.

5. Plaintiff Shenzhen Annaro Technology Co., Ltd. is a company organized and existing under the laws of the People's Republic of China with its principal place of business located outside this country.

6. Plaintiff Shenzhen Pingzhisheng E-commerce Co., Ltd. is a company organized and existing under the laws of the People's Republic of China with its principal place of business located outside this country.

7. On information and belief, Defendant is a Georgia corporation with its headquarters located at 1816 South Patterson Street, Valdosta, Georgia 31601,

United States. Defendant, doing business as "Zlumber", lists its address on its Lewis Products' storefront's business information page on Amazon. *See* Exhibit B. In the notices from Amazon.com removing Plaintiffs' listings, Amazon identified "Zlumber" as the "Rights owner name" and "legal@zlumber.com" as the "Rights owner email," and stated that the "IP asserted" was the '016 Patent. *See* Exhibit A.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. § 1 *et seq.*, and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) exists with respect to the Third Cause of Action because Plaintiffs are foreign companies (i.e., citizens of a foreign state) while Defendant is, upon information and belief, a citizen of the State of Georgia and the amount of controversy is greater than $75,000.00 exclusive of interest and costs. Supplemental jurisdiction exists over the Third Cause of Action pursuant to 28 U.S.C. § 1367(a) because it is so related to the claims within the Court's original jurisdiction.

9. This Court has personal jurisdiction over Defendant. Defendant is registered to do business in the State of Georgia, has its headquarters in the State of Georgia, and has offices in this District. Defendant, directly and through agents,

4

regularly does, solicits, and transacts business in this District and elsewhere in the State of Georgia.

10.  Venue is proper in this District under 28 U.S.C. § 1391. Defendant has a regular and established place of business in this District—specifically, offices and employees located at 1816 South Patterson Street, Valdosta, Georgia 31601, United States.

## THE '016 PATENT

11.  A patent application entitled "Bed sheet retention systems, system components, and methods of making and using the same," with Application No. 19/086,324, was filed on March 21, 2025, and ultimately issued as the '016 Patent on August 19, 2025. The '016 Patent identifies Travis R. Lewis as the inventor. A true and correct copy of the '016 Patent is attached hereto as Exhibit C.

12.  The '016 Patent is directed to a bed sheet retention system using one or more corner brackets and sheet-locking strips to keep bed sheets securely in place on a mattress. Each bracket sits between the mattress and the bed base and has sheet-engaging channels along its outer surfaces. Each channel includes upper and lower sheet-locking members that, together, form a track profile designed to receive sheet-locking strips. By inserting the strips into these channels, the system creates a hold on the sheets. An exemplary figure from the '016 Patent is shown below:



*Fig.8*

## BACKGROUND

13. Plaintiffs each operate independent Amazon storefronts—specifically, "EDCREATY", "Downoop", "AUKCLAX", and "KLBWWA"—through which they offer a variety of consumer products. The Accused Products are among the items sold on each storefront.

14. Defendant submitted patent-related complaints to Amazon, asserting that Accused Products sold through listings on Plaintiffs' respective storefronts purportedly infringed the '016 Patent. In response to these complaints, Amazon issued takedown notices and removed the identified listings, determining that each listing was subject to a patent-infringement complaint relating to the '016 Patent, which Defendant purports to own. *See* Exhibit A.

15. The delisted Accused Products consist of three distinct designs of bed sheet retention systems. Each design employs a different sheet-locking mechanism:

6

(1) a snap-fit locking design, (2) a plug-in locking design, and (3) a rotational locking design. Representative illustrations of the three designs affected by the takedowns are shown below to illustrate the general appearance of the products at issue.



**Illustration 1: Snap-Fit Locking Design**



**Illustration 2: Plug-in Locking Design**



Illustration 3: Rotational Locking Design

16. Defendant's takedown actions have caused Amazon to remove listings belonging to each Plaintiff, thereby creating a concrete, immediate controversy regarding whether any product linked to any Plaintiff infringes any valid and enforceable claims of the '016 Patent.

### FIRST CAUSE OF ACTION
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT
### OF THE '016 PATENT)

17. Plaintiffs repeat and incorporate by reference the allegations of paragraphs 1-16 above as if fully set forth herein.

18. Plaintiffs do not and have not infringed, contributed to the infringement of, or induced the infringement of any claim of the '016 Patent.

19. For purposes of this Complaint, independent claim 1 of the '016 Patent is reproduced below as a representative claim:

> 1. A bed sheet retention system comprising:

(I) one or more corner brackets, wherein each of the corner bracket comprises:

(a) a horizontally-extending bracket component sized and designed to extend between a bottom surface of a mattress and a support surface under the bottom surface; and

(b) two or more sheet-engaging channels connected to said horizontally-extending bracket component, with two of the sheet-engaging channels of said two or more sheet-engaging channels (1) being separated from one another by a corner of the corner bracket, (2) extending within a plane P parallel with said horizontally-extending bracket component, and (3) each independently comprising (i) an upper sheet-locking channel member, and (ii) a lower sheet-locking channel member positioned below and spaced from said upper sheet-locking channel member, wherein each of said upper sheet-locking channel member and said lower sheet-locking channel member are designed to engage with one or more sheet locking strips, (4) and each independently comprising a channel track profile having a track profile height $H_{TP}$ greater than a track profile width $W_{TP}$; and

(II) the one or more sheet locking strips, each of the sheet locking strip (1) being sized and designed to engage with (i) said upper sheet-locking channel member and (ii) said lower sheet-locking channel member, and (2) having a strip width $W_S$ greater than a strip thickness $T_S$.

20. The Accused Products do not directly or indirectly infringe claim 1 of the '016 Patent, or any claims that depend on it, because the Accused Products lack one or more required claim limitations, either literally or under the doctrine of equivalents. Representative claim elements missing from the Accused Products include, but are not limited to, at least one of the following:

| Claim Feature | Example Limitation Not Present in the Accused Products |
|---|---|
| [1. I. b] | The Accused Products do not include "two or more sheet-engaging channels connected to said horizontally-extending bracket component…" |
| [1. II] | The Accused Products do not include "one or more sheet locking strips…" |

21. By using, selling, offering to sell, and/or importing the Accused Products into the United States, Plaintiffs do not infringe, literally or under the doctrine of equivalents, any claim of the '016 Patent.

22. There is an actual, substantial, immediate, and justiciable controversy between Plaintiffs and Defendant regarding whether the Accused Products or Plaintiffs infringed any claim of the '016 Patent. A judicial declaration is appropriate and necessary to determine the parties' respective rights regarding the '016 Patent.

23. Plaintiffs are entitled to a declaratory judgment that neither Plaintiffs nor the Accused Products infringed, literally or under the doctrine of equivalents, any claim of the '016 Patent.

## SECOND CAUSE OF ACTION
### (DECLARATORY JUDGMENT OF INVALIDITY OF THE '016 PATENT)

24. Plaintiffs repeat and incorporate by reference the allegations of paragraphs 1-23 above as if fully set forth herein.

25. The '016 Patent is invalid for failure to meet the conditions of patentability or otherwise comply with one or more of 35 U.S.C. §§ 101 (e.g., unpatentable subject matter or double patenting), 102 (e.g., lack of novelty), 103 (e.g., obviousness), and/or 112 (e.g., lack of enablement, lack of written description, indefiniteness, or failure to disclose best mode).

26. For example, the '016 Patent is invalid as anticipated and/or obvious under 35 U.S.C. §§ 102, 103 because the prior art discloses and/or renders obvious to one of ordinary skill in the art the limitations of the claims of the '016 Patent.

27. The '016 Patent is also invalid under 35 U.S.C. § 101 for claiming unpatentable subject matter, at least as those claims are being asserted by Defendant.

28. The '016 Patent is also invalid under 35 U.S.C. § 112 for lacking enablement, lacking written description, being indefinite, and failing to disclose the best mode, at least as those claims are being asserted by Defendant.

29. There is an actual, substantial, immediate, and justiciable controversy between Plaintiffs and Defendant regarding the invalidity of the claims of the '016 Patent. A judicial declaration is appropriate and necessary to determine the parties' respective rights regarding the '016 Patent.

30. Plaintiffs are entitled to a declaratory judgment that the '016 Patent is invalid.

31. Plaintiffs reserve the right to assert additional ground of invalidity after conducting discovery and after the Court has construed the claims.

## THIRD CAUSE OF ACTION
### (TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS)

32. Plaintiffs repeat and incorporate by reference the allegations of paragraphs 1-31 above as if fully set forth herein.

33. Plaintiffs had and have valuable existing and potential economic relationships with customers through their Amazon storefronts.

34. As competitors, Defendant knew Plaintiffs had valuable economic relationships with its customers through their Amazon storefronts, and Defendant intentionally made baseless and improper complaints of patent infringement to Amazon in order to interfere with Plaintiffs' economic relationship and profit from removing its competitors' products.

35. Defendant knew, or reasonably should have known, that its Amazon complaints lacked any objective basis, given the significant differences between the bed sheet retention system disclosed in the '016 Patent and each of the three designs of Accused Products. Defendant asserted these objectively baseless claims for the improper purpose of preventing lawful competition.

36. Defendant's statements to Amazon about Plaintiffs and the Accused Products were false and harmful to Plaintiffs' reputation with Amazon and others. Defendant incorrectly accused Plaintiffs of committing the tort of patent

12

infringement even though Defendant knew or should have known that these allegations were untrue.

37. By submitting baseless complaints of patent infringement to Amazon for the anti-competitive purpose of removing products not within the scope of Defendant's patent rights, Defendant also sought to extend Defendant's rights beyond the lawful scope of its patents, thereby committing patent misuse. Rather than allege patent infringement in a federal court proceeding, Defendant misused the '016 Patent by asserting infringement to Amazon without basis and in a manner exceeding the scope that the '016 Patent lawfully protects.

38. Accordingly, Defendant used improper means to interfere with Plaintiffs' economic relationships by, at a minimum: (1) submitting bad-faith complaints of patent infringement to Amazon that were objectively baseless and for the improper purpose of preventing lawful competition; (2) defaming Plaintiffs to Amazon by incorrectly accusing Plaintiffs of committing the tort of patent infringement even though Defendant knew or should have known that these allegations were untrue; and, (3) committing patent misuse by submitting baseless complaints of patent infringement to Amazon for the anti-competitive purpose of removing products that fall outside the lawful scope of the '016 Patent.

39. Defendant's improper interference has damaged Plaintiffs by depriving them of the sales of products during the time period Plaintiffs' products were delisted.

40. Additionally, the delisting of Plaintiffs' products resulted in a loss of sales, market share, product reviews, and product ratings, which are all crucial metrics in ranking Plaintiffs' performance on the Amazon platform and affect Plaintiffs' reputation in the marketplace. Because of the damage to Plaintiffs' rankings and reputation, Plaintiffs would continue to lose sales even after their product listings are restored.

41. In addition to compensatory damages, Plaintiffs are also entitled to punitive damages for Defendant's intentional, willful, reckless, and/or malicious interference.

## RESERVATION OF RIGHTS

42. Plaintiffs hereby reserve their rights to supplement with additional claims or defenses as discovery proceeds in this matter.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request the following relief:

A. A Judgment declaring that Plaintiffs have not infringed and are not infringing, directly or indirectly, any claim of the '016 Patent, either literally or under the doctrine of equivalents;

B. A Judgment declaring that all claims of the '016 Patent are invalid;

C. Preliminary and permanent injunctions enjoining Defendant and its agents, servants, employees, successors, and assignees, and all others in concert and

privity with them, from alleging, representing, or otherwise stating that Plaintiffs (including their affiliates) are infringing any claims of the '016 Patent and from instituting or initiating any action or proceeding alleging infringement of any claims of the '016 Patent against Plaintiffs (including their affiliates) or any of their customers;

D. With respect to the Third Cause of Action, an award to Plaintiffs of their actual damages in excess of $75,000.00, the exact nature and amount of which will be established at trial;

E. With respect to the Third Cause of Action, an award to Plaintiffs of punitive damages as may be permitted by law or in the discretion of the Court;

F. A Judgment that this action is an exceptional case pursuant to 35 U.S.C. § 285 and awarding Plaintiffs their costs, attorneys' fees, and expenses incurred in connection with this and related actions to be paid by Defendant; and,

G. Such further and other relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rule of Civil Procedure, Plaintiffs demand a trial by jury on all issues so triable.

Dated: December 12, 2025    Respectfully submitted,

**WILSON, MORTON & DOWNS, LLC**

*/s/ Jill T. Young*
Jill T. Young

Georgia Bar No. 367039
Email: jyoung@wmdlegal.com
125 Clairemont Avenue, Suite 420
Decatur, Georgia 30030
Telephone: (404) 377-3638

and

**YOUNGZEAL LLP**

 /s/ *Shaoyi Che*
Shaoyi Che
Texas Bar No. 24139843*
(**Pro Hac Vice* Application Forthcoming)
Email: che@yzlaw.com
Tianqin Zhao
D.C. Bar No. 90027862*
(**Pro Hac Vice* Application Forthcoming)
Email: zhao@yzlaw.com
9355 John W. Elliott Drive, Suite 25555
Frisco, TX 75033
Telephone: (717) 440-3382

*ATTORNEYS FOR PLAINTIFFS*